FILED
United States Court of Appeals
Tenth Circuit

December 13, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JAVIER TORRES,

  Defendant-Appellant.

No. 12-1197

(D. of Colo.)

(D.C. No. 1:11-CR-00492-PAB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Javier Torres pleaded guilty to one count of illegal reentry of a deported

alien in violation of 8 U.S.C. § 1326(a)(1) and (b)(2). On appeal, Torres argues

his fifty-one-month sentence is substantively unreasonable under the 18 U.S.C.

§ 3553(a) sentencing factors because the district court placed undue weight on the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

United States Sentencing Guidelines (USSG) and failed to consider a number of mitigating factors presented by Torres.

We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and AFFIRM Torres's sentence.

## I. Background

On January 27, 2012, Torres pleaded guilty to a one-count Information charging him with illegal reentry. The base level offense for illegal reentry is 8. *See* USSG § 2L1.2(a). The Guidelines also provide for a 16-level enhancement if someone convicted of illegal reentry has been previously convicted of a drug-trafficking felony for which the sentence imposed exceeds 13 months. *See id.* § 2L1.2(b)(1)(A). In Torres's case, the probation office prepared a Presentence Investigation Report in which it determined that this enhancement would apply due to his prior conviction for possession with intent to distribute cocaine. Torres concedes that his sentence is subject to this enhancement. Thus, given the prior drug conviction, Torres could have been subject to an offense level of 24.

Nevertheless, in exchange for his guilty plea, the United States agreed to recommend a three-level reduction in Torres's offense level for acceptance of responsibility and an additional one-level downward variance for Torres's

agreement to a limited appeal waiver.[1]  *See* USSG § 3E1.1(a)-(b) (downward departure for acceptance of responsibility).  These reductions would bring Torres's offense level to 20.

Further, as part of his plea agreement, Torres and the government agreed that "while [his prior drug] conviction technically qualifies for a sixteen-level specific offense characteristic enhancement, . . . the sentencing range resulting from a twelve-level enhancement provides a sufficient sentence to reflect the goals of sentencing set forth in 18 U.S.C. § 3553(a)."  R., Vol. I at 13.  The probation office also supported this treatment of the prior felony drug conviction.  Thus, the plea agreement contemplated an offense level of 16.  Torres had criminal history category of IV.  His guideline range with an offense level of 16 would be 33-41 months; the range for an offense level of 20 would be 51-63 months.

At the sentencing hearing, the district court accepted the sentencing reductions for acceptance of responsibility and waiver of certain appellate rights. The district court, however, denied the four-level variance for the felony drug charge enhancement.  Rather, the court concluded that the 16-level enhancement should apply in Torres's case.  Thus, the court calculated the offense level as 20

---

[1]  This limited waiver nevertheless allows for an appeal of a sentence based on an offense level greater than 17, a condition clearly met in this case.

and then sentenced Torres to 51 months' imprisonment, the lowest sentence in the guidelines range for this offense level and criminal history.

Torres objected to the district court's application of the 16-level enhancement and renews the challenge here on appeal, claiming the 51-month sentence is substantively unreasonable.

## II. Analysis

"Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). "Unlike procedural reasonableness review, which focuses on the permissibility of relying on a particular factor, substantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the 'totality of the circumstances.'" *United States v. Sayad*, 589 F.3d 1110, 1118 (10th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

In reviewing a sentence for substantive reasonableness, we give deference to the district court under an abuse of discretion standard. *Smart*, 518 F.3d at 805–06. Further, as is the case here, if the sentence calculated by the district court is within the correctly calculated guidelines range for the offense, we apply a presumption of reasonableness. *See United States v. Kristl*, 437 F.3d 1050,

1053–55 (10th Cir. 2006) (per curiam). A defendant may rebut this presumption by demonstrating the sentence is unreasonable when viewed under the § 3553(a) factors. *Id.* at 1054-55. At the same time, "as long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008).

Torres advances several arguments in favor of the position that his sentence was substantively unreasonable. First, he argues that the district court erred by "mechanically follow[ing]" the Guidelines in applying his sentence, a result which he suggests runs contrary to *United States v. Booker*, 543 U.S. 220 (2005). Aplt. Br. at 13. He also suggests the district court did not adequately consider the nature of his prior drug conviction or the fact that the offense level applied in his case is normally applied for crimes he considers much more serious than illegal reentry.

Similarly, Torres argues the district court unduly discounted certain circumstances that mitigated against the 51-month sentence, such as Torres's upbringing in poverty, the violence plaguing the region of Mexico where Torres grew up, and the stresses caused by the illness of Torres's father. Finally, Torres claims that the 51-month sentence violates the parsimony principle, a requirement that "the sentence [imposed] be 'sufficient, but not greater than necessary, to

comply with the purposes' of criminal punishment." *United States v. Martinez-Barragan*, 545 F.3d 894, 904 (10th Cir. 2008) (citing 18 U.S.C. § 3553(a)(2)).

Torres has failed to rebut the presumption of reasonableness that we apply to his within-the-guidelines sentence. As an initial matter, we note that the district court did not merely "mechanically apply" the Guidelines in Torres's case. Rather, after noting that the Guidelines are advisory post-*Booker*, the court considered the offense level for Torres's crime, one of the factors that must be considered under 18 U.S.C. § 3553(a). *See id.* § 3553(a)(4). There is no dispute that the applicable offense level for Torres's crime is 24. The court nevertheless granted a one-level downward variance for the waiver of appellate rights and agreed to lower the sentence by three more levels given Torres's acceptance of responsibility. The record also reveals the court considered Torres's difficult life circumstances but weighed this observation against the fact that Torres had continued to commit criminal violations of the law—from drunk driving to violations of probation—and did so despite having avoided harsher sentences in the past.

To be sure, Torres might have preferred the district court to place more weight on the § 3553(a) factor concerning "history and characteristics" of the defendant, *see* 18 U.S.C. § 3553(a)(1), and less weight on the applicable sentencing range under the Guidelines, *see id.* § 3553(a)(4). Yet this is not the

standard that Torres must meet to obtain reversal for substantive unreasonableness. We find no basis for concluding that this sentence was arbitrary, capricious, or manifestly unreasonable.

We also disagree with Torres's contention that the district court violated the parsimony principle in failing to apply a sentence "sufficient, but not greater than necessary" in Torres's case. To the contrary, the district court decided that a sentence at the bottom end of the applicable guidelines range would be "sufficient but not greater than necessary to impress upon Mr. Torres" that he needed to be deterred from reentering the United States illegally and that he must be held to account for his past illegal returns to the country, returns which were "characterized by him committing crimes, including drug crimes." R., Vol. III at 56.

## III. Conclusion

Based on the foregoing analysis, we AFFIRM the judgment of the district court.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge